# EXHIBIT 1

Filed
D.C. Superior Court
05/01/2019 17:25PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Actions Branch**

| | |
|---|---|
| **KRISTINA PARK**<br>1336 Meridian Place, NW<br>Washington, DC 20010<br><br>and<br><br>**KENNETH BARRETTE**<br>199B South Road<br>Exeter, RI 02822<br><br>and<br><br>**DORIS STEIN**<br>6529 Orland Street<br>Falls Church, VA 22043<br><br>    Plaintiffs,<br><br>v.<br><br>**RICHARD MCNABB**<br>SERVE: 1624 18th St. NW, Unit C<br>Washington, DC 20009<br><br>and<br><br>**LRM PROPERTIES, LLC**<br>672 Wesley Court<br>Mendota Heights, MN 55118<br><br>SERVE: Richard McNabb<br>1624 18th St. NW, Unit C<br>Washington, DC 20009<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiffs Kristina Park ("Park"), Kenneth Barrette ("Barrette"), and Doris Stein ("Stein")

(collectively "Plaintiffs"), by undersigned counsel, hereby file this action against Defendants

Richard McNabb ("McNabb") and LRM Properties, LLC ("LRM") to recover preferential transfers and fraudulently transferred assets, and in furtherance thereof states as follows:

## NATURE OF ACTION

1.      This action arises from McNabb's diverting of Optimity Advisors LLC's ("Optimity") funds to himself and his closely-held real estate company LRM, as part of Defendants' improper scheme to hinder, delay, and defraud Plaintiffs of various payments owing to them from Optimity and McNabb personally.

## PARTIES

2.      Plaintiff Kristina Park is a resident of the District of Columbia.

3.      Plaintiff Kenneth Barrette is a resident of Rhode Island.

4.      Plaintiff Doris Stein is a resident of Virginia.

5.      Defendant Richard McNabb is a resident of the District of Columbia, and owner of the residential property located at 1624 18th St. NW, Washington, DC 20009. McNabb is the sole owner of Optimity and is also an owner of LRM, along with his wife, Lynn McNabb ("Ms. McNabb"). At all relevant times, McNabb acted on his own behalf and as an officer and principal of Optimity and LRM.

6.      Defendant LRM Properties, LLC is a Minnesota limited liability company with its principal place of business located at 672 Wesley Court, Mendota Heights, Minnesota 55118, which is a residential property owned by McNabb and his wife, Ms. McNabb. LRM's principal executive office address, as listed by the Office of the Minnesota Secretary of State, is 1624 18th St. NW, Washington, DC 20009, which is also a residential property owned by McNabb.

7.      At all times relevant to the allegations set forth in this Complaint, McNabb exercised actual dominion and control over Optimity and LRM with respect to the events at

issue, and his control was used to commit a fraud and wrong that injured the Plaintiffs. In exercising dominion and control over Optimity and LRM, McNabb was acting both individually on his own behalf, and on behalf of each entity based on his role as owner and officer of each entity.

8.       Collectively, Defendants are the alter egos and/or agents of one another and, at all relevant times, operated in a coordinated fashion in the District of Columbia.

## JURISDICTION AND VENUE

9.       This Court has personal jurisdiction over McNabb pursuant to D.C. Code § 13-422, as McNabb is domiciled in the District of Columbia, and under D.C. Code § 13-423(a), as the claims arise from McNabb transacting business, causing tortious injury in the District of Columbia, and having an interest in, using, and possessing real property in the District of Columbia.

10.      This Court has personal jurisdiction over LRM pursuant to D.C. Code § 13-423(a), as the claims arise from Defendants' transacting business, causing tortious injury in the District of Columbia, and having an interest in, using, and possessing real property in the District of Columbia.

11.      This matter is properly before the Civil Action Branch of this Court pursuant to D.C. Code § 11-921.

## FACTS

### A.  *OPTIMITY ADVISORS*

12.      Optimity is a consulting firm headquartered in Washington, DC. Its Washington, DC office is located at 1600 K Street, Washington, DC 20006. McNabb is the owner and CEO of Optimity and in charge of its operations.

13.     On or around February 21, 2019, Plaintiffs filed an arbitration claim against Optimity and McNabb personally, which included, among other claims, a breach of contract claim for unpaid bonuses.

14.     Pursuant to their respective employment agreements, Plaintiffs are owed wages from Optimity, but McNabb has been plundering the company of its assets to evade paying Plaintiffs, leading to the instant lawsuit challenging such asset transfers.

15.     Plaintiff Barrette is owed approximately $257,430, plus interest.

16.     Plaintiff Park is owed approximately $268,019, plus interest.

17.     Plaintiff Stein is owed approximately $256,299, plus interest.

### B. LRM Properties, LLC

18.     LRM is a Minnesota limited liability company. Although LRM is organized under the laws of Minnesota, the Office of the Minnesota Secretary of State lists LRM's principal executive office address as the residential property owned by McNabb at 1624 18th Street NW, Washington, DC 20009.

19.     McNabb and his wife are the sole owners of LRM. McNabb holds an officer position as a manager for LRM.

20.     LRM has been used by McNabb as a conduit to take cash out of Optimity during Optimity's financial decline, for McNabb's own personal benefit. Through LRM, McNabb transferred revenue and assets from Optimity to himself by sinking such funds into the valuable real estate that he owns.

4

### C. *The Properties*

21.     On or around March 25, 2012, McNabb purchased a residential property at 1624 18th St. NW, Unit C, Washington, DC 20009 (the "DC Property"). This DC Property is currently listed for sale at $1,299,000.

22.     The District of Columbia's Office of Tax and Revenue list McNabb as the current owner of the DC Property.

23.     McNabb uses the DC Property as his personal residence in Washington, D.C.

24.     Also, LRM lists the DC property as its registered principal executive office.

25.     McNabb used cash from Optimity to make monthly payments of $10,000 to the DC Property for McNabb's and LRM's benefit. However, Optimity does not use the DC Property for any business purposes.

26.     Further, McNabb used Optimity funds to make monthly payments of $40,000 to a residential property at 111 E 19th St., New York, NY 10003, valued at approximately $10,542,495 (the "New York Property") for his own benefit.

27.     LRM is listed as the owner of the New York Property.

28.     McNabb retained possession and control of the New York Property. Upon information and belief, McNabb used the New York Property as his personal residence when traveling to New York.

29.     These monthly payments for the DC Property and the New York Property, totaling approximately $50,000 per month, were falsely represented in Optimity's accounts payable system as "rent" payments to "LRM: Properties."

30.     Aside from McNabb, no employees ever worked from the DC Property or the New York Property, as Optimity already had established office locations in both Washington,

D.C. and New York City. These personal residences of McNabb appear to serve no business purpose for Optimity.

### D. Fraudulent Transfers

31.     McNabb has engaged in the following: (1) self-dealing; (2) wrongfully diverting scant corporate funds of Optimity for his own personal use; (3) failing to maintain appropriate financial records; (4) entering into agreements on behalf of Optimity with LRM, an entity for which he and his wife are the sole owners, which resulted in significant amounts of operating capital being siphoned off from Optimity to LRM; and (5) utilizing Optimity's limited and stressed financial resources as his own personal bank accounts and by using corporate funds to make payments for the DC and New York Properties for his own personal use and enrichment.

32.     As a result of these wrongful actions, McNabb drained operating funds and rendered Optimity incapable of paying amounts owed to the Plaintiffs by continuously siphoning cash from Optimity for his own personal use, under the false imprimatur of supposedly paying "rent," in violation of his duties to Optimity, and for purposes of defrauding the Plaintiffs to avert paying their claims.

33.     In 2017 and 2018, Optimity remained in significant default with respect to its obligations to Plaintiffs, which exceeded $780,000.

34.     While McNabb represented to the Plaintiffs that the reasons for the delay in payment of the wages was that Optimity had limited cash flow issues, McNabb's improper siphoning of Optimity's cash for his own personal benefit and for the benefit of LRM, including making payments for his own DC and New York Properties, was a contributing factor to these purported cash flow problems.

35.     McNabb's improper funneling of Optimity's revenue to himself and to LRM impacted Optimity's available cash flow to meet its financial obligations to Plaintiffs and other employees. McNabb's actions were intended to hinder, delay, and defraud the Plaintiffs as creditors of McNabb and his business.

36.     Upon information and belief, Optimity was insolvent and unable to meet its basic financial obligations, including its payroll obligations.

37.     Moreover, such transfers of Optimity's revenues to LRM for McNabb's personal use entitle Plaintiffs to "pierce the corporate veil" as to LRM and recover from McNabb, aside from the fact that LRM itself has been a party to the receipt of such improper transfers.

38.     The transfers of Optimity's revenues to LRM for McNabb's personal use and enrichment to the detriment of McNabb's creditors, including Plaintiffs, constitute fraudulent transfers, and entitle Plaintiffs to recover from McNabb and from LRM the wages currently due and owing.

39.     Upon information and belief, the transfer of funds and assets of Optimity to LRM was for the fraudulent purpose of escaping Optimity's debts and liabilities to Plaintiffs.

## CAUSES OF ACTION

### COUNT I
### (Fraudulent Transfer in violation of D.C. Code § 28-3104)
### *Against All Defendants*

40.     Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

41.     The Uniform Fraudulent Transfer Act has been enacted under District of Columbia law as the District of Columbia Uniform Fraudulent Transfer Act, D.C. Code §§ 28-3101-3111. ("DC UFTA").

42.     Plaintiffs were and continue to be creditors of Optimity.

43.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM with the intent to hinder, delay, or defraud the Plaintiff creditors, and such transfers are fraudulent transfers within the meaning of the DC UFTA, D.C. Code § 28-3104(a).

44.     McNabb knew that the Plaintiffs collectively had a vested interest in an alleged amount of no less than approximately $780,000 when he improperly transferred Optimity's revenue to himself and to LRM for the benefit of himself and LRM.

45.     Defendants had actual intent to hinder, delay, and defraud Plaintiffs and prevent Plaintiffs from recovering their owed wages.

46.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM without providing a reasonably equivalent value in exchange for the transfer and believed or reasonably should have believed that Optimity would incur debts beyond Optimity's ability to pay as they became due, in violation of D.C. Code § 28-3104(a)(2).

47.     Plaintiffs have suffered damages as a result of the McNabb's ongoing fraudulent transfers to McNabb and LRM.

48.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy their claims pursuant to D.C. Code § 28-3107(a)(1).

49.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2), specifically the DC Property.

50.     Plaintiffs are entitled to an injunction against further disposition by McNabb and LRM of assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

8

51.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

52.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

53.     Additionally, McNabb's intent to wrongfully divert and fraudulently convey the funds to himself and LRM can be inferred from the recognized badges of fraud present in this case.

### COUNT II
**(Constructive Fraudulent Transfer in violation of D.C. Code § 28-3105(a))**
*Against All Defendants*

54.     Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

55.     Plaintiffs were and continue to be creditors of Optimity.

56.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM after the Plaintiffs' claims arose.

57.     Optimity did not receive a reasonably equivalent value in exchange for the transfers to McNabb and LRM.

58.     Optimity was insolvent at the time or became insolvent as a result of the transfers to McNabb and LRM.

59.     McNabb knew that Optimity was insolvent at the time the transfers were made, or became insolvent as a result of the transfers.

60.     Plaintiffs have suffered damages as a result of McNabb's fraudulent transfers to himself and LRM.

61.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy the Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(1).

62.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2).

63.     Plaintiffs are entitled to an injunction against further disposition by McNabb of Optimity's assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

64.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

65.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

## COUNT III
### (Constructive Fraudulent Transfer in violation of D.C. Code § 28-3105(b))
### *Against All Defendants*

66.     Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

67.     Plaintiffs were and continue to be creditors of Optimity.

68.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM after the Plaintiffs' claim arose.

69.     McNabb qualifies as an "insider" within the meaning of D.C. Code §§ 28-3101(7), 28-3105(b) and, the transfers were purportedly made for an antecedent debt.

10

70.     Optimity was insolvent at the time or became insolvent as a result of the transfers to McNabb and LRM.

71.     McNabb knew that Optimity was insolvent or had reasonable cause to believe that Optimity was insolvent.

72.     Plaintiffs have suffered damages as a result of McNabb's fraudulent transfers to himself and LRM.

73.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy Plainitffs' claims pursuant to D.C. Code § 28-3107(a)(1).

74.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2).

75.     Plaintiffs are entitled to an injunction against further disposition by McNabb and LRM of assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

76.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

77.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants jointly and severally, and grant the following relief:

A.  Appointment of a receiver to take charge of the assets transferred, so as to preserve the dissipating cash assets and status quo pending the conclusion of the arbitration action

and, upon a resolution in favor of the Plaintiffs, transfer of the assets to satisfy the

amount owed to Plaintiffs;

B.  Preliminarily and permanently attaching assets and property of McNabb and LRM

sufficient to satisfy their debts to Plaintiffs, specifically the DC Property;

C.  Preliminarily and permanently enjoining McNabb and LRM from further alienating or

disposing of assets and property in an amount equal to their debt to Plaintiffs; and

D.  An award of such further relief as this Court deems necessary and just in this matter.

Dated:  May 1, 2019                    Respectfully submitted,


                                       _____/s/ Amber Orr_____
                                       Seth C. Berenzweig, Esq. D.C. Bar No. 435391
                                       Amber T. Orr, Esq., D.C. Bar No. 242409
                                       BERENZWEIG LEONARD, LLP
                                       8300 Greensboro Drive, Ste. 1250
                                       McLean, VA 22102
                                       Telephone: (703) 760-0402
                                       Facsimile: (703) 462-8674
                                       sberenzweig@berenzweiglaw.com
                                       aorr@berenzweiglaw.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Stein, et al.
_____
                                              Plaintiff
                vs.

McNabb, et al.                                          Case Number _____
_____
                                              Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Seth Berenzweig                                      *Clerk of the Court*
_____
Name of Plaintiff's Attorney

8300 Greensboro Drive, Ste. 1250          By _____
_____
Address                                                    Deputy Clerk
McLean, VA 22102
_____

703-760-0624                                    Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ


IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Stein, et al.
_____
                                    Demandante
            contra
                                                        Número de Caso: _____

McNabb, et al.
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Seth Berenzweig
_____
Nombre del abogado del Demandante

8300 Greensboro Drive, Ste. 1250
_____
Dirección
McLean, VA 22102
_____

703-760-0624
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                        Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Stein, et al.

vs

McNabb, et al.

Case Number: _____

Date: May 1, 2019

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Seth Berenzweig | Relationship to Lawsuit |
|---|---|
| Firm Name: Berenzweig Leonard, LLP | ☒ Attorney for Plaintiff |
| Telephone No.: 703-760-0624    Six digit Unified Bar No.: 435391 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 781,748    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Consent Denied
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☒ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

May 1, 2019
_____
Date

CV-496/ June 2015

D.C. Superior Court
05/01/2019 17:25PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Actions Branch

| | |
|---|---|
| **KRISTINA PARK**<br>1336 Meridian Place, NW<br>Washington, DC 20010<br><br>and<br><br>**KENNETH BARRETTE**<br>199B South Road<br>Exeter, RI 02822<br><br>and<br><br>**DORIS STEIN**<br>6529 Orland Street<br>Falls Church, VA 22043<br><br>Plaintiffs,<br><br>v.<br><br>**RICHARD MCNABB**<br>SERVE: 1624 18th St. NW, Unit C<br>Washington, DC 20009<br><br>and<br><br>**LRM PROPERTIES, LLC**<br>672 Wesley Court<br>Mendota Heights, MN 55118<br><br>SERVE: Richard McNabb<br>1624 18th St. NW, Unit C<br>Washington, DC 20009<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. <u>2019 CA 002884 B</u> |

## <u>COMPLAINT</u>

Plaintiffs Kristina Park ("Park"), Kenneth Barrette ("Barrette"), and Doris Stein ("Stein")

(collectively "Plaintiffs"), by undersigned counsel, hereby file this action against Defendants

1

Richard McNabb ("McNabb") and LRM Properties, LLC ("LRM") to recover preferential transfers and fraudulently transferred assets, and in furtherance thereof states as follows:

## NATURE OF ACTION

1.      This action arises from McNabb's diverting of Optimity Advisors LLC's ("Optimity") funds to himself and his closely-held real estate company LRM, as part of Defendants' improper scheme to hinder, delay, and defraud Plaintiffs of various payments owing to them from Optimity and McNabb personally.

## PARTIES

2.      Plaintiff Kristina Park is a resident of the District of Columbia.

3.      Plaintiff Kenneth Barrette is a resident of Rhode Island.

4.      Plaintiff Doris Stein is a resident of Virginia.

5.      Defendant Richard McNabb is a resident of the District of Columbia, and owner of the residential property located at 1624 18th St. NW, Washington, DC 20009. McNabb is the sole owner of Optimity and is also an owner of LRM, along with his wife, Lynn McNabb ("Ms. McNabb"). At all relevant times, McNabb acted on his own behalf and as an officer and principal of Optimity and LRM.

6.      Defendant LRM Properties, LLC is a Minnesota limited liability company with its principal place of business located at 672 Wesley Court, Mendota Heights, Minnesota 55118, which is a residential property owned by McNabb and his wife, Ms. McNabb. LRM's principal executive office address, as listed by the Office of the Minnesota Secretary of State, is 1624 18th St. NW, Washington, DC 20009, which is also a residential property owned by McNabb.

7.      At all times relevant to the allegations set forth in this Complaint, McNabb exercised actual dominion and control over Optimity and LRM with respect to the events at

issue, and his control was used to commit a fraud and wrong that injured the Plaintiffs. In exercising dominion and control over Optimity and LRM, McNabb was acting both individually on his own behalf, and on behalf of each entity based on his role as owner and officer of each entity.

8.      Collectively, Defendants are the alter egos and/or agents of one another and, at all relevant times, operated in a coordinated fashion in the District of Columbia.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over McNabb pursuant to D.C. Code § 13-422, as McNabb is domiciled in the District of Columbia, and under D.C. Code § 13-423(a), as the claims arise from McNabb transacting business, causing tortious injury in the District of Columbia, and having an interest in, using, and possessing real property in the District of Columbia.

10.     This Court has personal jurisdiction over LRM pursuant to D.C. Code § 13-423(a), as the claims arise from Defendants' transacting business, causing tortious injury in the District of Columbia, and having an interest in, using, and possessing real property in the District of Columbia.

11.     This matter is properly before the Civil Action Branch of this Court pursuant to D.C. Code § 11-921.

## FACTS

### A.  OPTIMITY ADVISORS

12.     Optimity is a consulting firm headquartered in Washington, DC. Its Washington, DC office is located at 1600 K Street, Washington, DC 20006. McNabb is the owner and CEO of Optimity and in charge of its operations.

3

13.     On or around February 21, 2019, Plaintiffs filed an arbitration claim against Optimity and McNabb personally, which included, among other claims, a breach of contract claim for unpaid bonuses.

14.     Pursuant to their respective employment agreements, Plaintiffs are owed wages from Optimity, but McNabb has been plundering the company of its assets to evade paying Plaintiffs, leading to the instant lawsuit challenging such asset transfers.

15.     Plaintiff Barrette is owed approximately $257,430, plus interest.

16.     Plaintiff Park is owed approximately $268,019, plus interest.

17.     Plaintiff Stein is owed approximately $256,299, plus interest.

### B. LRM Properties, LLC

18.     LRM is a Minnesota limited liability company. Although LRM is organized under the laws of Minnesota, the Office of the Minnesota Secretary of State lists LRM's principal executive office address as the residential property owned by McNabb at 1624 18th Street NW, Washington, DC 20009.

19.     McNabb and his wife are the sole owners of LRM. McNabb holds an officer position as a manager for LRM.

20.     LRM has been used by McNabb as a conduit to take cash out of Optimity during Optimity's financial decline, for McNabb's own personal benefit. Through LRM, McNabb transferred revenue and assets from Optimity to himself by sinking such funds into the valuable real estate that he owns.

4

### C.  The Properties

21.     On or around March 25, 2012, McNabb purchased a residential property at 1624 18th St. NW, Unit C, Washington, DC 20009 (the "DC Property"). This DC Property is currently listed for sale at $1,299,000.

22.     The District of Columbia's Office of Tax and Revenue list McNabb as the current owner of the DC Property.

23.     McNabb uses the DC Property as his personal residence in Washington, D.C.

24.     Also, LRM lists the DC property as its registered principal executive office.

25.     McNabb used cash from Optimity to make monthly payments of $10,000 to the DC Property for McNabb's and LRM's benefit. However, Optimity does not use the DC Property for any business purposes.

26.     Further, McNabb used Optimity funds to make monthly payments of $40,000 to a residential property at 111 E 19th St., New York, NY 10003, valued at approximately $10,542,495 (the "New York Property") for his own benefit.

27.     LRM is listed as the owner of the New York Property.

28.     McNabb retained possession and control of the New York Property. Upon information and belief, McNabb used the New York Property as his personal residence when traveling to New York.

29.     These monthly payments for the DC Property and the New York Property, totaling approximately $50,000 per month, were falsely represented in Optimity's accounts payable system as "rent" payments to "LRM. Properties."

30.     Aside from McNabb, no employees ever worked from the DC Property or the New York Property, as Optimity already had established office locations in both Washington,

D.C. and New York City. These personal residences of McNabb appear to serve no business purpose for Optimity.

### D. Fraudulent Transfers

31.     McNabb has engaged in the following: (1) self-dealing; (2) wrongfully diverting scant corporate funds of Optimity for his own personal use; (3) failing to maintain appropriate financial records; (4) entering into agreements on behalf of Optimity with LRM, an entity for which he and his wife are the sole owners, which resulted in significant amounts of operating capital being siphoned off from Optimity to LRM; and (5) utilizing Optimity's limited and stressed financial resources as his own personal bank accounts and by using corporate funds to make payments for the DC and New York Properties for his own personal use and enrichment.

32.     As a result of these wrongful actions, McNabb drained operating funds and rendered Optimity incapable of paying amounts owed to the Plaintiffs by continuously siphoning cash from Optimity for his own personal use, under the false imprimatur of supposedly paying "rent," in violation of his duties to Optimity, and for purposes of defrauding the Plaintiffs to avert paying their claims.

33.     In 2017 and 2018, Optimity remained in significant default with respect to its obligations to Plaintiffs, which exceeded $780,000.

34.     While McNabb represented to the Plaintiffs that the reasons for the delay in payment of the wages was that Optimity had limited cash flow issues, McNabb's improper siphoning of Optimity's cash for his own personal benefit and for the benefit of LRM, including making payments for his own DC and New York Properties, was a contributing factor to these purported cash flow problems.

35.      McNabb's improper funneling of Optimity's revenue to himself and to LRM impacted Optimity's available cash flow to meet its financial obligations to Plaintiffs and other employees. McNabb's actions were intended to hinder, delay, and defraud the Plaintiffs as creditors of McNabb and his business.

36.      Upon information and belief, Optimity was insolvent and unable to meet its basic financial obligations, including its payroll obligations.

37.      Moreover, such transfers of Optimity's revenues to LRM for McNabb's personal use entitle Plaintiffs to "pierce the corporate veil" as to LRM and recover from McNabb, aside from the fact that LRM itself has been a party to the receipt of such improper transfers.

38.      The transfers of Optimity's revenues to LRM for McNabb's personal use and enrichment to the detriment of McNabb's creditors, including Plaintiffs, constitute fraudulent transfers, and entitle Plaintiffs to recover from McNabb and from LRM the wages currently due and owing.

39.      Upon information and belief, the transfer of funds and assets of Optimity to LRM was for the fraudulent purpose of escaping Optimity's debts and liabilities to Plaintiffs.

### CAUSES OF ACTION

### COUNT I
**(Fraudulent Transfer in violation of D.C. Code § 28-3104)**
*Against All Defendants*

40.      Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

41.      The Uniform Fraudulent Transfer Act has been enacted under District of Columbia law as the District of Columbia Uniform Fraudulent Transfer Act, D.C. Code §§ 28-3101-3111. ("DC UFTA").

7

42.     Plaintiffs were and continue to be creditors of Optimity.

43.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM with the intent to hinder, delay, or defraud the Plaintiff creditors, and such transfers are fraudulent transfers within the meaning of the DC UFTA, D.C. Code § 28-3104(a).

44.     McNabb knew that the Plaintiffs collectively had a vested interest in an alleged amount of no less than approximately $780,000 when he improperly transferred Optimity's revenue to himself and to LRM for the benefit of himself and LRM.

45.     Defendants had actual intent to hinder, delay, and defraud Plaintiffs and prevent Plaintiffs from recovering their owed wages.

46.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM without providing a reasonably equivalent value in exchange for the transfer and believed or reasonably should have believed that Optimity would incur debts beyond Optimity's ability to pay as they became due, in violation of D.C. Code § 28-3104(a)(2).

47.     Plaintiffs have suffered damages as a result of the McNabb's ongoing fraudulent transfers to McNabb and LRM.

48.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy their claims pursuant to D.C. Code § 28-3107(a)(1).

49.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2), specifically the DC Property.

50.     Plaintiffs are entitled to an injunction against further disposition by McNabb and LRM of assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

8

51.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

52.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

53.     Additionally, McNabb's intent to wrongfully divert and fraudulently convey the funds to himself and LRM can be inferred from the recognized badges of fraud present in this case.

**COUNT II**
**(Constructive Fraudulent Transfer in violation of D.C. Code § 28-3105(a))**
*Against All Defendants*

54.     Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

55.     Plaintitffs were and continue to be creditors of Optimity.

56.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM after the Plaintiffs' claims arose.

57.     Optimity did not receive a reasonably equivalent value in exchange for the transfers to McNabb and LRM.

58.     Optimity was insolvent at the time or became insolvent as a result of the transfers to McNabb and LRM.

59.     McNabb knew that Optimity was insolvent at the time the transfers were made, or became insolvent as a result of the transfers.

60.     Plaintitffs have suffered damages as a result of McNabb's fraudulent transfers to himself and LRM.

61.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy the Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(1).

62.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2).

63.     Plaintiffs are entitled to an injunction against further disposition by McNabb of Optimity's assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

64.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

65.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

## COUNT III
### (Constructive Fraudulent Transfer in violation of D.C. Code § 28-3105(b))
### *Against All Defendants*

66.     Plaintiffs restate and incorporate Paragraphs 1 through 39 above as if each had been fully set forth herein.

67.     Plaintiffs were and continue to be creditors of Optimity.

68.     McNabb caused Optimity to transfer Optimity's revenues and assets to himself and LRM after the Plaintiffs' claim arose.

69.     McNabb qualifies as an "insider" within the meaning of D.C. Code §§ 28-3101(7), 28-3105(b) and, the transfers were purportedly made for an antecedent debt.

10

70.     Optimity was insolvent at the time or became insolvent as a result of the transfers to McNabb and LRM.

71.     McNabb knew that Optimity was insolvent or had reasonable cause to believe that Optimity was insolvent.

72.     Plaintiffs have suffered damages as a result of McNabb's fraudulent transfers to himself and LRM.

73.     Plaintiffs are entitled to avoidance of the transfers from Optimity to McNabb and LRM to the extent necessary to satisfy Plainitiffs' claims pursuant to D.C. Code § 28-3107(a)(1).

74.     Plaintiffs are entitled to attachment of the assets or revenues transferred from Optimity to McNabb and LRM to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3107(a)(2).

75.     Plaintiffs are entitled to an injunction against further disposition by McNabb and LRM of assets, revenues, or other property sufficient to satisfy Plaintiffs' claims, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

76.     Plaintiffs are entitled to the preservation of the dissipating cash assets and status quo pending the conclusion of the arbitration action pursuant to D.C. Code § 28-3107(a)(3).

77.     Upon a resolution in favor of Plaintiffs in the arbitration action, Plaintiffs are entitled to levy execution on the transferred assets pursuant to D.C. Code § 28-3107(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants jointly and severally, and grant the following relief:

A.  Appointment of a receiver to take charge of the assets transferred, so as to preserve the dissipating cash assets and status quo pending the conclusion of the arbitration action

and, upon a resolution in favor of the Plaintiffs, transfer of the assets to satisfy the amount owed to Plaintiffs;

B. Preliminarily and permanently attaching assets and property of McNabb and LRM sufficient to satisfy their debts to Plaintiffs, specifically the DC Property;

C. Preliminarily and permanently enjoining McNabb and LRM from further alienating or disposing of assets and property in an amount equal to their debt to Plaintiffs; and

D. An award of such further relief as this Court deems necessary and just in this matter.

Dated:  May 1, 2019                               Respectfully submitted,


                                        ____/s/ Amber Orr_____
                                        Seth C. Berenzweig, Esq. D.C. Bar No. 435391
                                        Amber T. Orr, Esq., D.C. Bar No. 242409
                                        BERENZWEIG LEONARD, LLP
                                        8300 Greensboro Drive, Ste. 1250
                                        McLean, VA 22102
                                        Telephone: (703) 760-0402
                                        Facsimile: (703) 462-8674
                                        sberenzweig@berenzweiglaw.com
                                        aorr@berenzweiglaw.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Stein, et al.
_____
                              Plaintiff

                    vs.

                                                    Case Number   **2019 CA 002884 B**

McNabb, et al.
_____
                              Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Seth Berenzweig
_____
Name of Plaintiff's Attorney

8300 Greensboro Drive, Ste. 1250          By _____
_____
Address
McLean, VA 22102

703-760-0624                              Date     **05/02/2019**
_____
Telephone

_Clerk of the Court_
Deputy Clerk

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.   የአማርኛ ትርጉም ለማግኘት (202) 879-4828   ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Stein, et al.
_____
                                    Demandante
            contra

                                                        Número de Caso: _____

McNabb, et al.
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Seth Berenzweig
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

8300 Greensboro Drive, Ste. 1250
_____          Por: _____
Dirección                                                              Subsecretario
McLean, VA 22102

703-760-0624
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 전화해 주십시오       የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Stein, et al.

Case Number: **2019 CA 002884 B**

vs

Date: May 1, 2019

McNabb, et al.

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Seth Berenzweig | Relationship to Lawsuit |
| Firm Name:<br>Berenzweig Leonard, LLP | [x] Attorney for Plaintiff<br>☐ Self (Pro Se) |
| Telephone No.:  Six digit Unified Bar No.:<br>703-760-0624   435391 | ☐ Other: _____ |

TYPE OF CASE: [X] Non-Jury   ☐ 6 Person Jury   ☐ 12 Person Jury

Demand: $ 781,748      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**                          COLLECTION CASES

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation               ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                      Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile            ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion            ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                 Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference       ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal            ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile, ☐ 22 Toxic/Mass Torts
[x] 08 Fraud                          Not Malpractice)             ☐ 23 Tobacco
                                                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

## II.

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

## D. REAL PROPERTY

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

May 1, 2019
_____
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

KRISTINA PARK et al
 Vs.          C.A. No.  2019 CA 002884 B
LRM PROPERTIES, LLC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge YVONNE WILLIAMS
Date:  May 2, 2019
Initial Conference: 9:30 am, Friday, August 16, 2019
Location:  Courtroom 518
     500 Indiana Avenue N.W.
     WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION
CIVIL ACTIONS BRANCH

JUN 24 2019

Superior Court
of the District of Columbia
Washington, D.C.

Kristina Park, et al.

**Plaintiff(s)**

vs.          Case No.: 2019 CA 002884 B

Richard McNabb, et al.

**Defendant(s)**

### AFFIDAVIT OF SERVICE

I, Cale Moore, a Private Process Server, being duly sworn, depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That I have been duly authorized to make service of the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, Complaint, and Lis Pendens Notice in the above entitled case.

That on 06/06/2019 at 2:35 PM, I served Richard McNabb with the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, Complaint, and Lis Pendens Notice at 672 Wesley Court, Mendota Heights, Minnesota 55118, by serving Lynn McNabb, of Richard McNabb, a person of suitable age and discretion, who stated that he/she resides therein with Richard McNabb.

Lynn McNabb is described herein as:

Gender: Female   Race/Skin: White   Age: 55   Weight: 140   Height: 5'7"   Hair: Brown   Glasses: No

I declare under penalty of perjury that this information is true and correct.

CASEY LYNNE DICKINSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020

Sworn to before me on  C-12-19

_____
Notary Public
My Commission Expires:  1-31-2020

_____
Cale Moore

Client Ref Number:N/A
Job #: 1562012

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

D.C. Superior Court
05/08/2019 14:22PM
Clerk of the Court

Stein et al.
_____
                              Plaintiff
                    vs.

LRM Properties, LLC                     Case Number  2019 CA 002884 B
_____
                              Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Amber Orr
_____
Name of Plaintiff's Attorney

8300 Greensboro Drive, Ste. 1250
_____
Address
McLean, VA 22102

703-663-8183
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Stein et al.
_____
                                    **Demandante**
                    contra
                                                    Número de Caso:  2019 CA 002884 B
LRM Properties, LLC
_____
                                    **Demandado**

### CITATORIO

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Amber Orr
_____                 *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

8300 Greensboro Drive, Ste. 1250
_____     Por: _____
Dirección                                                              Subsecretario
McLean, VA 22102

703-663-8183
_____     Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 전화 하십시오      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS. O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

   Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

D.C. Superior Court
05/08/2019 14:22PM
Clerk of the Court

Stein et al.
_____
                              Plaintiff
                vs.

LRM Properties, LLC              Case Number  2019 CA 002884 B
_____
                              Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Amber Orr
_____
Name of Plaintiff's Attorney

8300 Greensboro Drive, Ste. 1250          By  _____
_____
Address
McLean, VA 22102

703-663-8183                              Date  5/9/2019
_____
Telephone

_Clerk of the Court_

Deputy Clerk

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Stein et al.
_____
                                    Demandante
          contra

LRM Properties, LLC                          Número de Caso: 2019 CA 002884 B
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Amber Orr                                    _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

8300 Greensboro Drive, Ste. 1250            Por: _____
_____
Dirección                                              Subsecretario
McLean, VA 22102

703-663-8183                                Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 연락주십시오.       የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

**D.C. Superior Court**
**07/01/2019 13:31PM**
**Clerk of the Court**

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Actions Branch**

| | |
|---|---|
| PARK et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | )    **Civil Action No. 2019 CA 002884-B** |
| v. | ) |
| | )    **Date of Initial Hearing: August 16, 2019** |
| MCNABB, et. al | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## <u>AFFIDAVIT OF SERVICE</u>

I, Amber T. Orr, Esq., and being over the age of eighteen and having personal knowledge as to the facts set forth herein, hereby attests to the following under penalties of perjury:

1. Undersigned counsel is an attorney with the law firm of Berenzweig Leonard, LLP located at 8300 Greensboro Drive, Ste. 1250, McLean, VA 22102.

2. Berenzweig Leonard, LLP is counsel of record for Plaintiffs Kristina Park, Kenneth Barrette, and Doris Stein (collectively "Plaintiffs").

3. On May 3, 2019, Plaintiffs filed a lawsuit against the Richard McNabb and LRM Properties, LLC in the District of Columbia Superior Court, Case No. 2019 CA 002884-B.

4. LRM Properties, LLC is a Minnesota limited liability company.

5. LRM Properties, LLC does not a registered agent listed on the Office of the Minnesota Secretary of State website.

6. On May 9, 2019, the Clerk of the Superior Court issued a summons for service of the Plaintiffs' complaint on LRM Properties, LLC.

7. On ten different occasions a private process server attempted to serve the LRM Properties, LLC by personally serving its manager, Rick D. McNabb. *See* attached as **Exhibit A**.

8. Thereafter, on or around June 9, 2019, the undersigned, Amber Orr, served LRM Properties with the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, and Complaint through the Office of the Minnesota Secretary of State.

9. Thereafter, on June 13, 2014, the Office of the Minnesota Secretary of State filed and mailed the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, and Complaint to LRM Properties. *See* attached as **Exhibit B**.

10. LRM Properties received the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, and Complaint on June 14, 2019. *See* attached as **Exhibit C**.

11. Pursuant to District of Columbia Superior Court Rule 4(g)(1), service upon LRM was effected on June 13, 2019.

Executed on July 1, 2019.

Amber T. Orr, Esq.
BERENZWEIG LEONARD, LLP
8300 Greensboro Drive, Ste. 1250
McLean, VA 22102
Telephone: (703) 760-0402
Facsimile: (703) 462-8674
aorr@berenzweiglaw.com

Commonwealth of Virginia:

Personally appeared before me on this 1st day of July, 2019, Amber T. Orr, who states that the foregoing is true and correct to the best of his knowledge, information, and belief.

_____
NOTARY PUBLIC

My commission expires: 8/31/2022

# Exhibit A

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Kristina Park, et al.

Plaintiff(s)

*vs.*                    Case No.: 2019 CA 002884 B

Richard McNabb, et al.

Defendant(s)

## AFFIDAVIT OF DUE DILIGENCE

I, Chris Figura, a Private Process Server, having been duly authorized to make service of the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, Complaint, and Lis Pendens Notice in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That I am the Custodian of Records of Capitol Process Services, Inc.

That after due search, careful inquiry and diligent attempt(s), we have been unable to serve LRM Properties, LLC c/o Richard McNabb with the above named documents.

That on May 14, 2019 at 7:13 PM, my agent, Charlotte Minogue attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Ms. Minogue stated that there was no answer at the door and observed no lights on inside the home at the time.

That on May 15, 2019 at 7:55 PM, my agent, Casey Dickinson attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Ms. Dickinson stated that there was also no answer at the door and also observed no lights on inside the home at the time.

That on May 16, 2019 at 9:12 PM, my agent, Karl Neher attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Mr. Neher made contact with Richard McNabb's wife who stated that Rick (does not go by Richard) is currently out of town.

That on May 22, 2019 at 8:13 PM, my agent, Jesse Roberts attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Mr. Roberts made contact with Richard McNabb's wife who stated that Rick is currently out of town, and his flight back into Minnesota lands at 7:00 PM the following day, May 23, 2019, and should be home around 8:00-9:00 PM. Finally, Mrs. McNabb also stated that her husband is scheduled to be going out of town again after he returns to Minnesota.

That on May 23, 2019 at 8:07 PM, my agent, Karl Neher attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Mr. Neher made contact with Richard McNabb's wife who stated that Rick's flight back to Minnesota was delayed, due to inclement weather, and is scheduled to come home on Saturday, May 25, 2019.

That on May 25, 2019 at 12:48 PM, my agent, Zach Moore attempted to serve LRM Properties, LLC c/o Richard McNabb at 672 Wesley Court, Mendota Heights, Minnesota 55118. On this occasion, Mr. Moore made contact with Richard McNabb's wife who stated that Rick was not home yet and provided his cell phone number (612) 991-7953 to call and arrange service. Finally, Mrs. McNabb stated that Rick does not answer phone calls, but does respond to text messages.

That on May 31, 2019 at 2:22 PM, my agent, Michael Bernabo attempted to contact LRM Properties, LLC c/o Richard McNabb at (612) 991-7953. On this occasion, Mr. Bernabo sent Richard McNabb a text message per the wife's instructions and did not receive a response back. Later on that evening, Richard McNabb called Mr. Bernabo after business hours, but Mr. Bernabo did not receive the message until the following Monday, June 3, 2019. At that time, service was temporarily put on hold, to try attempt service at Richard McNabb's office in Washington, DC.

I declare under penalty of perjury that this information is true.

Sworn to before me on  6/6/19

Notary Public
My Commission Expires:

REBECCA E. SHORT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires July 31, 2023

Chris Figura

Client Ref Number:N/A
Job #: 1562067

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Kristina Park, et al.

**Plaintiff(s)**

vs.

Case No.: 2019 CA 002884 B

Richard McNabb, et al.

**Defendant(s)**

## AFFIDAVIT OF DUE DILIGENCE

I, Mark A. Russell, Jr., a Private Process Server, having been duly authorized to make service of the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, Complaint in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry and diligent attempt(s), I have been unable serve LRM Properties, LLC c/o Richard McNabb with the above named process.

That on June 3, 2019 at 1:06 PM, I attempted to serve LRM Properties, LLC c/o Richard McNabb at 1600 K Street, Suite 200, Washington, DC 20006. On this occasion, I spoke to the receptionist upon entering the shared workspace. The receptionist informed me that Mr. McNabb was not in the office and went on to say that no one else from the company was in, either. I left my contact information for him with the receptionist and asked that he call me.

That on June 5, 2019 at 12:40 PM, I attempted to serve LRM Properties, LLC c/o Richard McNabb at 1600 K Street, Suite 200, Washington, DC 20006. On this occasion, again, I was told by the receptionist of the shared workspace that neither Mr. McNabb nor any employees of the business in Suite 200 were in the office. She then called Suite 200 to confirm and did not receive an answer, as expected.

That on June 6, 2019 at 1:02 PM, I attempted to serve LRM Properties, LLC c/o Richard McNabb at 1600 K Street, Suite 200, Washington, DC 20006. On this occasion, once again, I was told that Mr. McNabb was not in the office and that he was not expected to return for a few weeks. I did not receive a call back from the message I left for Mr. McNabb on June 3, 2019.

I declare under penalty of perjury that this information is true.

Sworn to before me on 06/10/19

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires: March 31, 2024

Mark A. Russell, Jr.

Client Ref Number:N/A
Job #: 1562882

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

# Exhibit B



# Office of the Minnesota Secretary of State

## Service of Process Acknowledgment

| | | | |
|---|---|---|---|
| Plaintiff: | Stein et al | | |
| Defendant: | LRM Properties, LLC | | |
| File Number: | 1088661300039 | Statute: | 322C.0116 |
| Date Filed: | 06/13/2019 | Date Mailed: | 6/13/2019 |

Certified Mail Number: 70100290000019619924

---

### NOTICE TO ALL PERSONS ATTEMPTING SERVICE THROUGH THE OFFICE OF THE MINNESOTA SECRETARY OF STATE

The Office of the Secretary of State does not determine or attempt to determine if your service of process is valid. It is your responsibility to determine which statute, if any, authorizes the service you are making through this office. Substituted service of process through the Office of the Secretary of State does not guarantee that the service will be sufficient and permit a court to obtain or accept jurisdiction over the business entity against whom service is made.

---

### Selected Statutes Authorizing Substituted Service of Process

| | |
|---|---|
| 5.25 | General Service of Process |
| 60A.19 and 60A.21 | Foreign Insurance Companies |
| 72A.43 | Service upon Unauthorized Company by Commissioner |
| 141.25 | Non Resident Private Trade Schools |
| 221.67 | Foreign motor carrier in interstate commerce |
| 240.07 and 240.08 | Pari-Mutuel Horsing Racing |
| 302A.901 | Minnesota Corporations |
| 303.13 | Non-Minnesota Corporations |
| 303.25 | Foreign Trust Association |
| 317A.901 | Minnesota Nonprofit Corporations |
| 321.0117 | Limited Partnerships and Foreign Limited Partnerships |
| 322B.876 | Minnesota Limited Liability Companies |
| 322B.955 | Non-Minnesota Limited Liability Companies |
| 322C.0116 | Minnesota and Non-Minnesota Limited Liability Companies |
| 325F.70 | Consumer Fraud |
| 330.11 | Auctioneers |
| 540.152, 541.153 and 541.154 | Unions, groups and other associations |
| 548.181 | Discharge of Judgments |
| 559.21 | Notice of Cancellation of Contract for Deed |
| 543.08 | Other Corporations |

# Exhibit C

USPS.com® - USPS Tracking® Results

# USPS Tracking®

**FAQs ›** **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package ╋

**Tracking Number:** 70100290000019619924

Remove ✕

Your item was delivered to an individual at the address at 2:00 pm on June 14, 2019 in SAINT PAUL, MN 55118.

## ⊘ Delivered

June 14, 2019 at 2:00 pm
Delivered, Left with Individual
SAINT PAUL, MN 55118

Feedback

**Get Updates** ∨

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **Product Information** | ∨ |

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

### Sign Up

### (https://reg.usps.com/entreg/RegistrationAction_input?

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and
mailpieces that are processed through USPS automated equipment. app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo